(77 Misc. Rep. 453.)

PEOPLE ex rel. STANDARD BILL POSTING CO. v. HASTINGS, Building Inspector.

STANDARD BILL POSTING CO. v. CITY OF NEWBURGH et al.

(Supreme Court, Special Term, Orange County. August 13, 1912.)

1. MUNICIPAL CORPORATIONS (§ 625*)—POLICE POWER—ORDINANCES—REASONABLENESS.

   The police power of a city may only be exercised in a reasonable manner, and so as not to do unnecessary or unreasonable injury or damage to any citizen or to property rights.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1378, 1379; Dec. Dig. § 625.*]

2. CONSTITUTIONAL LAW (§ 92*)—EMINENT DOMAIN (§ 2*)—MUNICIPAL CORPORATIONS (§ 625*)—POLICE POWER—ORDINANCES—REASONABLENESS.

   An ordinance providing that bill boards within a city can only be constructed of metal is unreasonable and invalid, as taking private property and destroying vested rights without compensation, when applied to a bill board erected of other material on private property, and not constituting a menace to persons lawfully using the streets of the city, or endangering the public health or morals, and not constituting a nuisance.

   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 174, 175, 178–180, 207, 225–227, 237; Dec. Dig. § 92;* Eminent Domain, Cent. Dig. §§ 3–12; Dec. Dig. § 2;* Municipal Corporations, Cent. Dig. §§ 1378, 1379; Dec. Dig. § 625.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MUNICIPAL CORPORATIONS (§ 602*)—POLICE POWER—ORDINANCES—REA-
SONABLENESS.

An ordinance providing that bill boards within a city shall be con-
structed of metal only applies to the entire city, and cannot be sustained
as a measure to prevent the spread of fire by such a structure.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
602.*]

4. MUNICIPAL CORPORATIONS (§ 602*)—POLICE POWER—ORDINANCES—REASON-
ABLENESS.

The provision in an ordinance regulating the erection of bill boards
in a city that no bill board more than five feet in height shall be erected
without permission of the common council is valid, because it does not
absolutely prohibit the erection of bill boards more than five feet high,
but leaves the matter to the judgment of the city authorities.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
602.*]

5. MUNICIPAL CORPORATIONS (§ 602*)—POLICE POWER—PUBLIC NUISANCES.

The council of a city has no authority to declare a structure a nui-
sance unless it is such in fact, and an ordinance declaring that bill
boards not constructed of metal shall be a nuisance is invalid, for the
question of nuisance depends on the facts of each case.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
602.*]

Mandamus by the People, on the relation of the Standard Bill Post-
ing Company, against T. James Hastings, as Building Inspector of the
City of Newburgh, and injunction by said relator against the City of
Newburgh, John B. Corwin, as Mayor, and others. Motions for a
peremptory writ of mandamus and for an injunction pendente lite,
granted.

Hirschberg & Hirschberg, of Newburgh, for plaintiff and relator.
Graham Witschief, of Newburgh, for defendant and respondents.

TOMPKINS, J. We have here two motions, argued and submitted
together. The first is for an injunction pendente lite, in a suit in
equity brought to restrain the city of Newburgh and its officers from
removing and destroying a bill board owned by the plaintiff, a cor-
poration engaged in the advertising business. The second is a motion
for a peremptory writ of mandamus to compel the building inspector
of the city of Newburgh to forthwith approve plans for, and consent
to the construction of, a closed fence or bill board, which the relator,
Standard Bill Posting Company, has planned to erect within the lim-
its of the city of Newburgh.

The parties have agreed upon all of the facts involved in both the ac-
tion and proceeding, and necessary to the decision of these two mo-
tions. Both motions involve the construction and validity of a certain
ordinance recently enacted by the common council of the city of New-
burgh, which reads as follows:

An ordinance to regulate the construction of closed fences, signs and bill
boards within the city of Newburgh.

The city council of the city of Newburgh does ordain as follows:

Sec. 1. No person or corporation shall hereafter erect any tight or closed
fence, sign or bill board or any structure designed or intended for purposes

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of such a fence, sign or bill board within the corporate limits of the city of Newburgh more than five feet in height, without permission of the city council of said city. No application for such permission shall be received or entertained by said city council, unless such application shall be accompanied by an affidavit or affidavits proving to the satisfaction of the city council that two weeks' notice in writing served personally or by mail has been given all owners, occupants or agents of land within a radius of three hundred feet, from where such structure is to be erected, of the time and place at which such application will be made or in lieu of such notice there shall be filed with such application the written consents of all such owners, occupants or agents to the erection of such structures.

Sec. 2. All tight or closed fences, signs and bill boards, and all structures designed or intended for purposes of such a fence, sign or bill board, erected within the city of Newburgh, shall be constructed entirely within the building line, and of metal, including all uprights, supports and braces for the same, and shall be anchored on the property side thereof by sufficient and suitable iron or steel rods, sunk in concrete to a depth sufficient to ensure the entire safety of such structure.

Sec. 3. No tight or closed fence, signs or bill boards, and no structure intended for purposes of such a fence, sign or bill board, shall hereafter be erected within the city of Newburgh, until the plans and specifications therefor and for the supports and braces thereof shall have been filed with the superintendent of buildings of said city and his approval and consent to the construction thereof shall have been obtained in writing.

Sec. 4. No fence or other structure within the city of Newburgh shall hereafter be used as a bill board without the consent of the city council of said city and the same notice, proof or consent shall be required before such consent may be given as is provided by section 1 of this ordinance.

Sec. 5. All tight or closed fences, signs and bill boards within the city of Newburgh exceeding five feet in height and not structurally constructed in accordance with the provisions of this ordinance, are hereby declared menaces to public safety, and nuisances, and their removal or conformation to such structural requirements forthwith ordered.

Sec. 6. No person shall hereafter throw, deposit or leave any circulars, papers, advertisements, samples, notices, books or leaflets in or about the streets of the city of Newburgh, or in the doorways, porches, yards or any other exterior part of private property in said city but this section shall not affect the delivery of newspapers and periodicals.

Sec. 7. Any person or corporation who shall violate any provision of this ordinance shall be deemed guilty of a misdemeanor and each day during or on which such violation shall continue shall be deemed a separate offense.

That said ordinance became effective April 30, 1912.

The first motion, which is one for an injunction pendente lite, raises the question as to the validity of section 2 of the above ordinance. The facts agreed upon in this action are as follows:

The plaintiff is a corporation authorized to carry on the business of sign advertising, and for some years past has been engaged in conducting such business in the city of Newburgh, and for that purpose leasing and contracting for vacant lots, fences, bill boards, and other structures for the purpose of said business, in renting and leasing advertising spaces thereon to business enterprises, and for the display of business advertisements for a money consideration. That for more than a year last past the plaintiff has been the owner of a certain closed fence or bill board, erected and maintained by it for the purpose of said business, located upon private property and back from the fence line of a vacant lot situated at the southwest corner of Smith and Second streets in said city. Said closed fence or bill board is con-

structed of horizontal wooden boards, conjoined horizontally and nailed to perpendicular wooden posts, and sunk in the earth. Such closed fence or bill board has a thin facing of metal on the street side, and is anchored and attached to said lot by means of timbers fastened to or near the top of said closed fence or bill board on the lot side, and braced in the earth on the lot side at some distance from said closed fence or bill board. That said closed fence or bill board is from 10 to 12 feet high, and is wholly or entirely upon said lot, within the building lines of said streets, and is not upon and does not encroach upon any part or portion of the public streets or property of said city of Newburgh, and is upon said lot pursuant to the consent of the owner of the fee thereof. That during the year last past, the plaintiff has for a valuable money consideration been, and now is, displaying thereon proper and suitable advertising matter, in no wise offensive, harmful, or detrimental to the public, or to any private person, or to public or private morals, lives, health, or taste.

The ordinance in question became effective April 30, 1912, and soon thereafter the defendants notified the plaintiff in writing that it must immediately comply with said ordinance with regard to the said bill board, and it is agreed that the defendant purposes to remove and destroy the said bill board and structure owned by the plaintiff as aforesaid, unless the plaintiff remodels it in accordance with the provisions of said ordinance No. 2.

The notice and order served upon the plaintiff by the defendants was based solely upon the fact that plaintiff's said bill board did not conform structurally to the requirements of said ordinance, and was not based upon any personal examination of said bill board by any city official, or upon any report to said city that said bill board was unsafe, and constituted a menace to pedestrians and others lawfully using the streets of said city.

These are the agreed facts respecting the old bill board, the destruction of which the plaintiff seeks to prevent by this action in equity.

[1, 2] And this brings us to the question of the validity of section 2 with respect to the plaintiff's said bill board, which it had owned and used upon private property for more than a year prior to the adoption of said ordinance. Section 2 of the ordinance seems to be retroactive, and was evidently so intended by the omission of the word "hereafter," which appears in the first section of the ordinance, and it is now so claimed by the defendants' counsel, and it is sought to be justified, not by any express provision of the city charter, but by virtue of the general police power of the city; the claim on behalf of the defendants being that the object of requiring all signs to be constructed of metal is to prevent fires within the city limits. The police power of the city can only be exercised in a reasonable manner, and so as not to do unnecessary or unreasonable injury or damage to any citizen or to property rights. It seems to me that this section No. 2 is unreasonable in its provisions and requirements. It, in effect, by reason of the threatened action of the defendants, demands the removal and destruction of property of some intrinsic value owned by

the plaintiff, lawfully erected and used by it for more than a year prior to the adoption of the ordinance, being altogether upon private property, and concededly in no wise offensive, harmful, or detrimental to the public, or to any private person, or to public or private morals or taste, and no menace to the public health or human life.

[3] The effect of the enforcement of the ordinance in this case would be to take private property and destroy vested rights, without making any compensation therefor. It does not seem to me reasonable that that can be done where the structure does not constitute a public or private nuisance, or endanger the public health or morals. The possibility of fire being communicated or spread by such a structure as that which the plaintiff maintains is too remote to justify the taking of private property without making compensation therefor. And then, too, the ordinance is too general, broad, and comprehensive to justify its enforcement, for the reason that it applies to the entire city, and would prevent the erection and use of a sign or bill board made of any material other than metal, even though it were to be placed in the middle of an open field, far removed from any building, and so constructed that it could by no possibility cause or spread a fire.

As we have observed, an ordinance of this character must be reasonable, and it would be manifestly unreasonable to forbid, as a precaution against fire, the erection and use of a properly constructed wooden sign in the center of an unoccupied square of the city, and upon private property, and yet that is the effect of the section in question; and for this same reason it is my opinion that the plaintiff is entitled to a peremptory writ of mandamus, because of the refusal of the building inspector of the city to approve the plaintiff's plans for its proposed new sign, which refusal is solely upon the ground that it is to be constructed of wood, and not of metal. The sign which the plaintiff proposes to put up, and which it seeks by mandamus to compel the building inspector to approve, is to be only five feet in height, so that the consents and affidavits provided for by section 1 of the ordinance are not necessary, and the relator's right to a writ of mandamus is before the court now by agreement, squarely upon the question of the validity of section 2, which requires all such signs and bill boards to be of metal. The plans for the proposed sign show that it is to be a substantial structure, and is to be located entirely upon private property, and in a vacant lot, 20 feet or more back from the public street, and 300 feet from the nearest building. It seems perfectly clear to me that any ordinance, enacted by virtue of the police power, that prohibits the erection and use of such a sign or bill board, is unreasonable and oppressive.

The corporation counsel cites in support of the ordinance City of Rochester v. West, 164 N. Y. 510, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659, and Gunning System v. City of Buffalo, 62 App. Div. 497, 71 N. Y. Supp. 155; but these cases seem to me clearly distinguishable, inasmuch as in both the ordinances, in effect, prohibited the erection of bill boards over 6 or 7 feet in height "without permission of the common council," thereby leaving it with the common

council, in the exercise of its judgment and discretion, to determine whether a bill board could be erected more than six or seven feet in height. In those cases there was no arbitrary limitation upon the power of the common council or the city authorities, as there is in this Newburgh city ordinance. Here the city authorities are powerless to grant permission for the erection of any sign or bill board anywhere within the city limits, unless made of metal, "including all uprights, supports, and braces, and anchored on the property side thereof by sufficient and suitable iron or steel rods, sunk in concrete to a depth sufficient to ensure the entire safety of such structure."

[4] The learned corporation counsel calls attention in his brief to the concurring memorandum of Judge Haight, in which Judge Bartlett concurred, in the case of People ex rel. Weinburgh Adv. Co. v. Murphy, 195 N. Y. 126, 88 N. E. 17, 21 L. R. A. (N. S.) 735, in which they say that it is within the police powers of a municipality to limit the manner of construction, size, height, and material of fences, signs, and bill boards. These judges, however, in the same memorandum say that such limits shall be "within reasonable bounds." That part of the ordinance providing that no bill board more than five feet in height shall be erected without permission of the common council is valid, for the reason that there is no absolute prohibition therein against the erection of bill boards and signs more than five feet in height, but leaves the matter to the judgment and discretion of the city authorities; but with respect to the character of the structure and materials to be used, there is no such discretion vested in any officer or board, no matter where the sign is to be placed or under what circumstances it is to be maintained, and it is that fact that in my opinion makes the ordinance respecting the materials to be used unreasonable and invalid.

[5] By section 5 of the ordinance in question the common council undertook to declare that all closed fences, signs, and bill boards, "not structurally constructed in accordance with the provisions of this ordinance, are hereby declared menaces to public safety, and nuisances, and their removal or conformation to such structural requirements forthwith ordered." This seems to me to be entirely beyond the power of the common council. By what authority may any municipal body declare a structure to be a nuisance unless it is in fact a nuisance? It must depend upon the facts and circumstances of each case whether a structure be a public nuisance or not, and it is perfectly easy to conceive of a sign or bill board upon private property, constructed of wood or some material other than metal, that could by no possibility be regarded as a public or private nuisance. There seems to be no decision in this state that squarely determines the question of the right of a municipality to limit the construction of signs, etc., to certain materials, except the few lines in the memorandum of Justices Haight and Bartlett, of the Court of Appeals, already quoted, and they limit the right "within reasonable bounds."

The only case to which my attention has been called, which is parallel to the case at bar, is the case of City of Chicago v. Dunning System, 214 Ill. 628, 73 N. E. 1035, 70 L. R. A. 230, 2 Ann. Cas.

892. In that case the city adopted an ordinance prohibiting the erection of "all signs or bill boards other than those painted or erected upon any building, unless constructed of sheet or galvanized iron, or some equally incombustible material." The court held this provision invalid, and said:

"All of these provisions [i. e., of the ordinance] are general in their terms, and apply alike to boards erected in every part of the city. In a great city like Chicago, the court will take judicial notice that bill boards are of various kinds, generally made out of a variety of materials, and erected in many different localities—some in the thickly settled and business districts, where the erection of wooden buildings may properly be prohibited, or in the vicinity of electric wires, where more stringent regulations are reasonably necessary to protect the public safety, or they may be in the remote and more thinly settled territory of the city, where such stringent precautions are not necessary, while others may be on vacant tracts of land, far removed from other structures of every kind. It must be apparent to all reasonable minds that provisions which are necessary in one of such cases would be wholly unnecessary and unreasonable in others, and that a provision might be a reasonable police regulation, in the one case and in one locality, which would be wholly unreasonable under other circumstances in another locality. This ordinance is, however, without qualification or limitation applicable to signs and bill boards alike in all portions in the great city of Chicago—applicable alike to every portion of its extended territory. We do not hold that the ordinance is so unreasonable as to be void if it was limited to particular districts of the city. Where, however, as here, the attempt is to prohibit the owner of a lot in a remote, sparsely settled part of the city, or his lessee, from erecting a sign or bill board thereon, except of required material, sheet or galvanized iron, etc., we think it does become unreasonable and oppressive."

In the case at bar, as in the Chicago Case, the ordinance and its provision respecting the material to be used apply to the entire city, and the reasoning of the court in that case applies with equal force to the ordinance in question.

My conclusions respecting both motions are that section No. 2 was beyond the power of the city council to enact, and is illegal, because unreasonable, in that it is retroactive, and allows the unnecessary and unwarranted destruction of private property, thereby contravening the fundamental law guaranteeing the inviolability of private property, and prohibits what in some cases could by no possibility be a public or private nuisance, or endanger the lives or property of citizens.

Both motions are therefore granted, with $50 costs against the city in the mandamus proceeding, and $10 costs of the motion in the equity suit.