PEOPLE ON COMPLAINT OF RYAN v. SCHNEIDER.     349

Misc. 349]   Municipal Term, Court of Special Sessions, New York, June, 1928.

---

THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of PATRICK J. RYAN, Plaintiff, v. CHAIM SCHNEIDER and Others, Defendants.

Municipal Term of the Court of Special Sessions, Part 1, New York City, June —, 1928.

**Municipal corporations — Sanitary Code — regulation 9-a, under Sanitary Code of city of New York, § 156, making possession of milk churn, without permit, misdemeanor, is unreasonable and void — complaint for violation of regulation, dismissed.**

Regulation 9-a under section 156 of the Sanitary Code of the city of New York, which makes the possession of a milk churn, without a permit from the board of health, a misdemeanor, is unreasonable, unconstitutional, and void on its

Municipal Term, Court of Special Sessions, New York, June, 1928.     [Vol. 132

face, in that it makes the mere possession or installation of the churn, rather than its use, a misdemeanor; therefore, the complaint against defendants for violation of that regulation must be dismissed.

The extent of the power of the board of health is to regulate the use of machinery only in so far as it may affect the grade, quality and kind of product manufactured, and so far as such product may be dangerous to the health of the people.

Motion by defendants to dismiss complaint for violation of regulation 9-a, under section 156 of the Sanitary Code.

*George P. Nicholson, Corporation Counsel [Isaac R. Wolf. Assistant Corporation Counsel]*, for the People.

*Goldstein & Goldstein [Jonah J. Goldstein of counsel]*, for the defendant.

Simpson, J. (orally).    I have given this matter careful consideration.    These three defendants were charged with violating regulation 9-a of the Sanitary Code of the city of New York, and their cases were tried before me.    Regulation 9-a of the board of health [enacted pursuant to section 156 of the Sanitary Code] reads as follows: " Regulation 9-a. Churns, etc.; permit required.    No person engaged in the business of the manufacture, sale or treatment of milk or milk products shall install or have or keep a churn or other device or machine for the manufacture or treatment of milk or milk products without a permit from the board of health, or otherwise than in accordance with the terms of said permit and the regulations of the said board."

The power of the board of health to pass ordinances in the exercise of its duty to regulate the public health is specifically set forth in section 1172 of the charter, and reads as follows: " Said board of health is hereby authorized and empowered, from time to time, to add to and to alter, amend or annul any part of the state sanitary code and may therein publish additional provisions for the security of life and health in The City of New York, and confer additional powers of the department of health, not inconsistent with the constitution or laws of this state, and may provide for the enforcement of the said sanitary code by such fines, penalties, forfeitures, or imprisonment as may by ordinance be prescribed.    The board of health may embrace in said sanitary code all matters and subjects to which, and so far as, the power and authority of said department of health extends, not limiting their application to the subject of health only."

It will thus be seen that the health department is limited in the scope of its legislative powers to matters in which its powers have been delegated by the charter.    It was conceded that the board of health may prescribe in the Sanitary Code such regulations

PEOPLE ON COMPLAINT OF RYAN *v.* SCHNEIDER.       351

Misc. 349]    Municipal Term, Court of Special Sessions, New York, June, 1928.

which may directly or indirectly affect the cleanliness and standards of food value of foodstuffs and their ingredients.

It is well settled that a municipality in the exercise of the police power delegated to it by the State is restricted to *reasonable* regulation and prohibition necessary to guard public health, etc., and it may not do unnecessary or unreasonable injury or damage to any citizen or property. (*City of Rochester* v. *Macauley-Fien-Milling Co.*, 199 N. Y. 207; *People ex rel. Standard B. P. Co.* v. *Hastings*, 77 Misc. 453.)

The test of the validity of a city ordinance is whether it is reasonable. Regulation 9-a is a regulation of the board of health making the mere *possession* or the installation of a churn or any machinery or device for the treatment of milk a misdemeanor.

That this ordinance is unnecessary and unreasonable is easily apparent when it is borne in mind that the same churn may make good butter, and under other circumstances deficient butter. The fault is not with the machine; the fault is with the maker and the product. The machine or device is not dangerous *per se.*

Section 156 of the Sanitary Code sufficiently deals with the necessary grading of milk products and sections 147 and 148 deal sufficiently with the sanitary conditions under which food may be stored or manufactured. It can be readily seen that regulation 9-a is unnecessary and that such legislation is manifestly beyond the power of the board of health.

The extent of the power of the board of health is to regulate the use of machinery only in so far as it may affect the grade, quality and kind of the product manufactured, and so far as such product may be dangerous to the health of the people.

No claim is made that the butter churned was not of the grade and kind fully complying with all requirements of the law. The ordinance deals only with the *possession*, and not with the use of the churn, and does not attempt to regulate the product manufactured by the churn. Unlike dynamite or gasoline, the mere *possession* of a churn cannot be said to be dangerous.

Nothing appears in the record tending to show that the milk products of these defendants were unclean or that they were adulterated. They are charged merely with the possession of a churn or device for the manufacture or treatment of milk or milk products, without a permit from the board of health.

Regulation 9-a under the Sanitary Code, being unreasonable, unnecessary and without the sphere of authority delegated to the board of health under section 1172 of the Greater New York Charter, must be declared unconstitutional and void. Its invalidity is apparent on its face.

Supreme Court, May, 1928.          [Vol. 132

In *Matter of Thornburgh* (72 Misc. 619) the court said (Surrogate FOWLER writing the opinion): "But the transcendent power of declaring an act of the Legislature unconstitutional should never, in my opinion, be assumed by a court of first instance, except possibly in rare cases involving life or liberty, and where the invalidity of the legislative act is apparent on its face."

In *People ex rel. Wogan* v. *Rafferty* (77 Misc. 258) Judge BENEDICT said: "It is just as much the duty of the court of first instance to declare invalid and prevent clear violations of the Constitution by legislative enactment as it is the like duty of the court of last resort upon appeal, and this duty should not be evaded by the trial judge by casting the responsibility upon appellate tribunals."

In *People* v. *Pray* (87 Misc. 464) Judge NOTT, in the Court of General Sessions, said: "Where such a judge [of first instance] entertains no doubt of the unconstitutionality of an act, it is his duty to render his decision and not evade responsibility."

I, sitting here as a judge of the Court of Special Sessions, a court of the first instance, under the decisions rendered feel it is my duty not to evade responsibility, as the judges of these higher courts have said, in declaring this regulation invalid.

The invalidity of regulation 9-a is apparent on its face, and there is no doubt at all about the unconstitutionality of this regulation in view of the decisions that I have adverted to, which seem to be reconciled on the point that if the enactment is plainly unconstitutional and its invalidity is apparent on its face, that then even a court of first instance is under a duty to act. The regulation is so sweeping in its prohibition, so unreasonable and unnecessary and without the sphere of authority delegated to the board of health under section 1172 of the New York charter, that it is invalid on its face, and the court, even if it is an inferior court of first instance, is under a duty to act and not cast responsibility upon the appeal tribunal.

Therefore, the court grants the motion of defendants' attorneys in each of the three cases against the three defendants and dismisses them.