Fred J. Munder, J.
On this motion the plaintiff seeks an injunction against the enforcement of an ordinance restricting the occupation of peddling during certain hours on certain highways in the Town of Smithtown.
By asking a perpetual injunction on this motion plaintiff has mistaken his remedy. To grant this would give the plaintiff all the relief he seeks in his main action. The motion will be considered as one asking for a temporary injunction.
The main action seeks a declaration that the ordinance is unconstitutional and invalid and asks that its enforcement be perpetually enjoined.
The plaintiff is a peddler, licensed by Suffolk County as a veteran. (General Business Law, § 32.) He has been engaged in peddling on the Veterans’ Memorial Highway, a dual, high-speed main thoroughfare. The ordinance attacked states that its purpose is to avoid traffic hazards incident to the stopping of automobiles for trade during the hours of heavy traffic.
*436 The petitioner argues that ordinances restricting peddling should not be favored by the courts. ‘ ‘ Itinerant vending has been upheld here as an established occupation, not to be legislated or regulated out of existence ”. (Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690, 693, Van Voorhis, J.) But itinerant means moving about and in this context must refer to a peddler who moves from place to place seeking customers.
The ordinance now in question aims at the peddler who remains stationary at the side of the road attracting the travellers on the highway. Such use is more in the class of a market use which use the town may prohibit on a public street. (7 McQuillin, Municipal Corporations, § 24.359, p. 273.)
It was argued that this regulation is beyond the police power of the town. Police power is inherent in sovereignty and delegable by the State to towns and other municipal corporations. (Carthage v. Frederick, 122 N. Y. 268.) That police power was delegated to the towns by the Town Law and other enabling legislation is hardly debatable. Were it not expressly given it would be implied in the grant to govern. Generally speaking, if the town’s exercise of its police power is consistent with general law and is reasonable and not discriminatory its action will be upheld. -
Moreover what may once have been considered unreasonable in the application of police power may be otherwise viewed today. Police power is dynamic and “ sufficiently comprehensive to embrace new subjects and new or revised measures as exigencies and changing conditions require ”. (6 McQuillin, Municipal Corporations, § 24.08, p. 455.)
The claim that the ordinance is vague will not be determined preliminarily. This question should properly await the trial. There is a strong presumption in favor of the validity of legislative enactments. (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537; Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690, 700, 702, supra.)
The motion for a temporary injunction is denied.
Submit order.