In the Matter of J. D. H. REST., INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.

Concur — Botein, P. J., Capozzoli, Rabin and McNally, JJ.; McGivern, J., dissents in part in the following memorandum: 1 concur to the extent that I would confirm the action of the State Liquor Authority,

and otherwise dissent. I deem it axiomatic that women, stripped to the buff, bearing trays of alcoholic beverages, are apt to incite disorder. And I mean "disorder" well within any accepted definition of the word. (Cf. Webster's New International Dictionary 2d ed., 1940); Black's Law Dictionary (4th ed., p. 556).' The proprietors of this establishment were aware of the risks they assumed when they adopted and defiantly continued the condemned practice. As the majority said: "Involved herein is a bald attempt to profit on indecent exposure and drink". As such, the owners were calculating malefactors. They played "Russian roulette" with the law — and they lost. I would therefore impose costs and disbursements. And I would not transmit any suggestion of mitigation to the State Liquor Authority. The action taken by the Authority was completely correct, and in accord with the moral sense of the community as currently reflected by chapter 367 of the Laws of 1967, wherein the practice now under consideration has been interdicted by the Legislature of the State of New York (approved by the Governor, April 18, 1967).