Thomas M. Stark, J.
Plaintiff has commenced this action to enjoin the defendants from operating Conte’s East Side Lounge after its cabaret license had been suspended by the Chief Building Inspector, the town’s licensing officer. Defendant counterclaimed for a declaratory judgment declaring certain provisions of the licensing ordinance illegal and unconstitutional. Defendant now moves for summary judgment on its counterclaims.
Defendants are the owners and operators of Conte’s East Side Lounge in Farmingdale, Town of Babylon — an establishment serving food and drinks and providing topless dancing as entertainment.
In an apparent effort to prohibit any form of female topless entertainment, the town enacted what is colloquially referred to as an “ anti-topless ordinance ” as section 705 of the Unified Code of Ordinances of the Town of Babylon captioned, ‘ ‘ Places of Public Assembly Operating As Cabarets, Dance Halls, Bars *1056 or Lounges, Discotheques And The Like, And Places of Public Assembly Generally ’
The ordinance provides that no place in the town which (1) sells food or drinks and which provides live entertainment or dancing or (2) permits dancing shall be operated without a license from the town. In addition all nonlicensed places of public assembly are regulated in certain respects.
Subsection 8.1 of the ordinance provides that the Building Inspector may suspend or revoke any license in his discretion for any of seven enumerated causes, the second of which is “ (b) A person licensed hereunder suffering or permitting any waitress, barmaid or other person who comes in contact with, or is likely to come in contact with patrons of the licensed establishment to appear in the presence of such patrons with breasts or the lower part of ,the torso uncovered, or so thinly covered or draped as to appear uncovered; or suffering or permitting any person to appear in any scene, sJcetch, act or entertainment with breasts or the lower part of the torso uncovered, or so thinly covered or draped as to appear uncovered ”. (Emphasis added.)
Subsection 12.6 of the ordinance, in identical language, prohibits any such conduct or entertainment in any place of public assembly in the Town of Babylon, whether licensed or not.
The issue presented by this motion is whether or not the town may legally and constitutionally proscribe such entertainment as is prohibited by the italicized portion of the ordinance quoted above. The first portion of the quoted language appears to refer only to waitresses, barmaids, busboys, hat checks and other individuals who might directly come in contact with a patron; defendants concede that such prohibition is legal under New York State law. Neither do the defendants now contest the basic validity of a licensing requirement. (Town of Babylon v. Conte, Index No. 179513, Sup. Ct., Suffolk County, July 23, 1969.)
The principal argument advanced by the defendant is that the State has pre-empted this subject of regulation by enactment of article 245 of the Penal Law.
Section 245.00 of the Penal Law provides: “ A person is guilty of public lewdness when he intentionally exposes the private or intimate parts of his body in a lewd manner or commits any other lewd act ”.
Section 245.01 of the Penal Law provides: “ A female is guilty of exposure when, in a public place she appears clothed or costumed in such a manner that the portion of her breast below the top of the aureola is not covered with a fully opaque cover *1057 ing. This subdivision shall not apply to any female entertaining or performing in a play, exhibition, show or entertainment
The issue, therefore, becomes whether or not the State has pre-empted this area of regulations and, if so, is the ordinance in question consistent with State law. The New York State Constitution (art. IX, § 2, par. [c], subpar. [ii]) empowers every local government ‘ ‘ to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law ”. The Constitution (art. IX, § 3, par. [d], subpar. [1]) defines a general law as “ a law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages ”. Obviously the Penal Law has State-wide application and is a general law within the meaning of the -Constitution. (Sorci v. Klein, Sup. Ct., Suffolk County, Oct. 3, 1969.)
Since there is a State law of general application which regulates the area of conduct sought to be regulated by the town, the issue becomes whether or not the town ordinance is consistent with the State law. Consistency is the sole test. (Wholesale Laundry Bd. of Trade v. City of New York, 43 Misc 2d 816.) All arguments concerning the esthetic justification for such entertainment are irrelevant to this legal issue. The test of consistency has been alternatively stated as whether ‘1 the local law prohibits [anything] that the State law permits ”. (People v. Lewis, 295 N. Y. 42.)
Clearly section 245.01 of the Penal Law specifically permits entertainment and performances by unclothed actors limited only by the prohibition that such entertainment not consist of a lewd act or be done in a lewd manner. In attempting to prohibit all performances by unclothed actors, the town patently is prohibiting that which the State law permits. The licensing regulations and entertainment regulations as set forth in the town ordinance as quoted above are, therefore, inconsistent with State law and are improper criteria for the regulation of places of public assembly. (Matter of Kress & Co. v. Department of Health, 283 N. Y. 55.)
Subsection 8.1 and 12.6 of section 705 of the Unified Code of Ordinance of the Town of Babylon are, therefore, in contravention of article IX of the New York State Constitution. Summary judgment will, therefore, be decreed in favor of the defendants on their first counterclaim.
As the order of Mr. Justice Stanislaw (61 Misc 2d 626) dated December 23, 1969, fixed no amount for potential damages flowing from the temporary injunction, the defendants’ ^second counterclaim for damages is dismissed. (CPLR 2512. City of *1058 White Plains v. Griffen, 169 Misc. 706, affd. 255 App. Div. 1003.)
The complaint, herein, which seeks to enjoin defendant 110’s operation while its license is suspended, is dismissed as moot since the grounds for the suspension were illegal. Since all parties agree that the license was suspended solely upon the grounds related above, the plaintiff town will be directed to restore the defendants' license.