Gerard M. Weisberg, J.
The defendant demurs to the charge that he permitted topless entertainment in his cabaret in violation of a regulation of the New York City Department of Consumer Affairs.
The issue presented is whether a regulation of a municipal agency can legally bar such a performance in view of a State law permitting it in the absence of a local law to the contrary.
A “ cabaret ” is a place in which musical entertainment, singing, dancing or other form of amusement are permitted in connection with a restaurant business, subject to certain exceptions not relevant to the case at bar. (Administrative Code of City of New York, § B32-296.0, subd. 3.)
For some time prior to 1962, licensing jurisdiction over cabarets in New York City was vested in its Police Department. During that period, the Police Commissioner promulgated cabaret regulation 20, providing that: “No person shall be permitted to appear in any scene,: sketch or act with breasts *802 or the lower part of the torso uncovered or so thinly covered or draped as to appéar uncovered.”
Effective in 1962, by local law (Administrative Code, ch.. 32, art. 38) enacted by the City Council, cabaret jurisdiction was transferred to the Department of Licenses of which Hon. Bernard J. O’Connell was then Commissioner. He was succeeded by Hon. Joseph O. Di CaAlo and Hon. Joel J. Tyler. All are now esteemed members of the judiciary.
In 1968, that department was merged into the newly created Department of Consumer Affairs (Local Laws, 1968, No. 68 of City of New York) now headed by the distinguished Hon. Bess Myerson and of which I had the privilege of serving as its first Commissioner.
All during this period that regulation has remained in effect without change in wording, except that in 1966 it was renumbered and is presently designated as regulation 20 (a).
Effective September 1, 1967, the State Legislature enacted section 245.02 of the Penal Law (L. 1967, ch. 367) providing that: “ A person is guilty of promoting the exposure of a female when he knowingly conducts, maintains, owns, manages, or furnishes any public premises or place where a female appears clothed or costumed in such a manner that the portion of her breast below the top of the aureola [sic] is not covered with a fully opaque covering. This subdivision shall not apply where such female is entertaining or performimg in a play, exhibition, show or entertainment.
■ 1 ‘ Promoting the exposure of a female is a violation. ’ ’ (Emphasis added.)
By virtue of the italicized language the State pre-empted the field and voided any municipal legislation inconsistent therewith. (Town of Babylon v. Conte, 61 Misc 2d 1055; People v. Conte, 64 Misc 2d 573.)
Effective September 1, 1970, that statute was amended (L. 1970, ch. 40) by correcting a typographical error and adding the following paragraph: “Nothing in this section shall prevent the adoption by a city, town or village of a local law prohibiting the exposure of a female substantially as herein defined in a public place, at any time, whether or not such female is entertaining or performing in a play, exhibition, show or entertainment.”
Clearly, it was the intent of the State to overrule the holdings in the Conte cases (supra) and permit home rule in this area.
The form of home rule specified is by the adoption of a “local law.” The prosecution here, however, is under an *803 administrative regulation, originally promulgated and kept in effect by a single appointed official. Regardless of the calibre of the individual who has served as administrator of this regulation during the past decade, the fact remains that its existence has been dependent upon the ultimate determination of that one individual.
This is in conflict with the express language of the statute which refers to a ‘1 local law” and only the New York City Council, made up of a broad spectrum of elected persons, would have the power in this area.
Rather than leaving the question up to one, the State Legislature wisely left it to the municipalities’ elected bodies of lawmakers. This was a particularly wise choice, in the very sensitive area of entertainment, particularly in this era when the attire of stylish ladies is rapidly changing. (See “ Bess' Labels Gals on Pill Guinea Pigs ”, New York Daily News, June 2, 1971; p. 38, col. 1.)
On the argument of this matter none of the parties raised the question of the effect of section B32-308.0 of the Administrative Code, contained in the legislation passed by the City Council when it transferred cabaret jurisdiction from the Police to the License Department. That section states: “Any person who shall violate any provision of this article or any of the rules and regulations adopted by the police commissioner and continued in force and effect by the local law which enacted this article, or any of the rules and regulations adopted by the [license] commissioner pursuant to this article shall be guilty of an offense triable by a city magistrate an(l shall be punished by a fine of not more than fifty dollars or imprisonment for not more than thirty days, or by both such fine and imprisonment. ’ ’
Regulation 20 was then in effect and it could be argued that the foregoing, by implication, gave it the status of a local law.
Even if this contention were correct, that regulation subsequently became illegal (see Conte cases, supra) and was not revived by the 1970 amendment to the Penal Law, which speaks prospectively only. It is also significant that breach of the State law is deemed a violation carrying a possible 15-day jail sentence, while breach of the regulation is an offense carrying a possible 30-day jail sentence.
Finally, the regulation is patently bad on its face. It applies to any ‘1 person, ’ ’ not just to females, who are explicitly mentioned in other regulations when they are intended to apply exclusively to that sex. There is no reason for banning bare-chested men from entertaining in cabarets. Furthermore, the *804 application of the ban to all of the “ lower part of the torso ” (whatever that may mean) and not just to certain portions thereof is unreasonable.
Consequently, if topless entertainment in cabarets is to be banned in New York City, it must be by some act of the City Council, not by virtue of this regulation.
The demurrer is sustained and the information is dismissed.