Lawrence Newmark, J.
This is an action for a violation of Local Law No. 2 of the Local Laws of 1970 of the Town of Smithtown, which was tried without a jury. After the commencement of the trial counts 2 and 3, which constituted all of the charges against defendants Eugenie Hergot and Anthony Monaco, were dismissed for failure to state a cause of action.
Section 245.01 of the Penal Law declares it to be a violation for a female to appear in a public place clothed in such a manner that the portion of her breast below the top of the areola is not covered by a fully opaque covering. The second sentence of the subdivision excludes as an unlawful exposure such an appearance when the female is entertaining or performing in a play, exhibition, show or entertainment.
The last paragraph in the section, added by legislative amendment in 1967 and amended by chapter 40 of the Laws of 1970, permits cities, towns and villages to enact their own local ordi *69 nances making such exposure unlawful whether or not the female was appearing in a play, entertainment, exhibition or show.
Local Law No. 2 of the Local Laws of 1970 of the Town of Smithtown was passed for the presumed purpose of exercising the option to render such exposure unlawful in any case.
Marly Moreira, the defendant, is charged in the complaint with violation of Local Law No. 2' in that she did appear in a public place clothed in the manner prohibited; that the lower portion of her breasts were not covered by a fully opaque covering. The defendant performed as a topless dancer.
The defendant does not contest any of the allegations in the factual part of the information and the court is satisfied as to the accuracy of the facts recited therein.
At the conclusion of the trial defendant moved to dismiss on the grounds that the proof failed to specify that the alleged violation occurred within the Township of Smithtown and County of Suffolk, and raised several constitutional questions. A review of the testimony clearly indicates that at least one of the police officers specified that the offense occurred in the Township of Smithtown and County of Suffolk.
The defendant’s two memoranda of law raise issues of constitutionality relevant to the laws under which the offense is prosecuted.
I.
The first question presented is whether or not the last paragraph of section 245.01 of the Penal Law constitutes a valid and proper delegation of legislative power to a, municipality.
There are express provisions contained within the Constitution of the State of New York (art. IX) permitting the State Legislature to confer legislative powers upon cities, counties, and villages. Political subdivisions of the State normally are immune to the geiieral doctrine prohibiting the delegation of legislative authority when the power to legislate relates to matters which are local in scope (Green Point Sav. Bank v. Board of Zoning Appeals of Town of Hempstead, 281 N. Y. 534). And although there is no provision in the Constitution conferring such powers upon towns, the ruling in Green Point {supra) effectively included towns as political subdivisions susceptible of being recipients of a legislative delegation of authority.
Does the failure to set standards and guidelines for the exercise of the powers delegated impair the validity of the act of delegation f
Not every case where a legislative power is delegated requires the setting forth of standards to assure a proper exer *70 cise of the powers conferred (Matter of Larkin Co. v. Schwab, 242 N. Y. 330). The court in upholding an exercise of legislative power for the purpose of safeguarding public health, safety and welfare in the Matter of Larkin Co. v. Schwab (supra)1 asserted that no general standards need be formulated by which the local legislative body must govern its determinations. The court drew a distinction between the exercise of the lawmaking power by a legislative body and the exercise of powers delegated to an administrative officer or board by the legislative body. Discretion was said to be plenary in the first instance; in the latter case, although the legislative body was permitted to confer a measure of discretion, it was also required to fix the rules of standards which would govern the exercise by the administrative officer or board.
The Town Board of the Town of Smithtown must be characterized as a legislative body rather than as an administrative board, hence the requirement for setting standards to govern the exercise of the powers delegated is not mandatory.
II.
Is the local law of the Town of Smithtown invalid in that it represents an unreasonable exercise of a police power?
The requirement of reasonableness has been described as one of the inherent limitations of police power (Cowan v. City of Buffalo, 247 App. Div. 591). All regulations of the State must be reasonable under all circumstances, and this principle is, by extension, fully applicable to municipalities (People on Complaint of Ryan v. Schneider, 132 Misc. 349). Whether the legislation examined complies with the rule of reasonableness to which any exercise of power is subject is dependent upon the facts and circumstances of the case (People v. Perretta, 253 N. Y. 305).
If the legislation enacted under the police power warrants invalidation, it must be shown, as a matter of law, that the legislation is not justifiable under any interpretation of all the facts as a reasonable exercise of the police power (Town of Hempstead v. Goldblatt, 9 N Y 2d 101, affd. 369 U. S. 590). The requirement of reasonableness by which the police power is circumscribed bars oppressive, capricious or arbitrary exercises of power (Wigginns v. Town of Somers, 4 N Y 2d 215) or if they possess the invidious and pernicious attributes of legislation that classify or discriminate.
Amongst, a host of listed purposes for the exercise of police power are general welfare, public health and safety, public *71 morals. The police power is not to be limited to guarding merely the physical or material interests of a citizen; it permits consideration of his moral, intellectual and spiritual needs as well, and may be exerted to preserve and protect public morals. (Matter of Kingsley Int. Picture Corp. v. Regents, 4 N Y 2d 349, revd. on other grounds 360 U. S. 684.)
The law adopted by the town in acceptance of the tender of power offered by the State Legislature was neither capricious, arbitrary, nor oppressive, nor did it discriminate or classify. The power exercised was initially possessed as a police power of the State and was validly delegated to the municipality as a matter within the scope of local concern.
III.
The argument is presented by the defendant that Local Law No. 2 is constitutionally defective in that it prohibits that which State law permits and is, therefore, inconsistent with a general law.
“ Generally speaking, if the town’s exercise of its police power is consistent with general law and is reasonable and not discriminatory its action will be upheld.” (Carolio v. Town of Smithtown, 20 Misc 2d 435, 436.) If stated in the negative, it would appear that the action of a town would not be upheld if discriminatory and inconsistent with general law.
The general law referred to by the defendant provides that performances by females when costumed in the manner prohibited are exempt from the proscriptions against the exposure by a female of designated portions of her breasts. The last paragraph of the section, which is also a part of the general law, was added for the specific purpose of obviating results such as that in Town of Babylon v. Conte (61 Misc 2d 1055). In Conte, the town attempted to enforce its local ordinance prior to the enactment by the Legislature of the amendment. The attempt at regulation was necessarily found to be unconstitutional because the area of regulation had been pre-empted by the State. The effect of the amendment was tested in the District Court of Suffolk County (People v. Janowitz, No. BA-CR 688/70, Nov. 27,1970) and, in that it was found to clearly authorize local governments to adopt so-called “ anti-topless ” ordinances, was not wanting.
The local law does prohibit what the State law generally permits, but the State law expressly authorizes (permits) municipalities to prohibit, within the confines of their territorial limits, that which the State law permits.
*72 IV.
Does the law amount to an abridgement of the constitutional right of free expression guaranteed under the First Amendment?
The defendant contends that her partially nude appearance in a performance is a manifestation of her self-expression, the stifling of which, violates rights guaranteed under the First Amendment.
The constitutional guarantee of freedom of speech and of the press does not deprive the States of its power to enact laws in the legitimate exercise of the police power (People ex rel. Doyle v. Atwell, 232 N. Y. 96).
In United States v. O’Brien (391 U. S. 367, 376) the court refused to allow that the defendant’s conduct was necessarily tantamount to speech or that even if it was, that the conduct would not be afforded the protection of the First Amendment. The court there stated: “We cannot accept the view that an apparently limitless variety of conduct can be labeled * speech ’ whenever the person engaging in the conduct intends thereby to express an idea ”. When the speech or conduct proscribed may be characterized as obscene, lewd, or libelous it is not protected. (Roth v. United States, 354 U. S. 476.) The court cited Chaplinsky v. New Hampshire (315 U. S. 568) in support of the judgments of itself and other official bodies (Roth v. United States, supra, p. 485). “ There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene * * * It has been well observed that such utterances are no essential part of any exposition of ideas ”.
Topless appearances are a form of expression explicitly excluded from the broad protection of the First Amendment. (Matter of J.B.H. Rest. v. New York State Liq. Auth., 28 A D 2d 521, affd. 21 N Y 2d 846.) “Petitioner’s reliance on the constitutional privilege of free expression * * * is without substance.” The court opined that the undeclared purpose of featuring topless waitresses had nothing to do with self-expression, but was a ‘ ‘ bald attempt to profit on indecent exposure and drink.”
V.
Are those who perform in or manage a ‘1 topless performance ’ ’ deprived of the equal protection of the law?
The guarantee of equal protection requires that even statutes that are related to the promotion of the public health, safey, morals and general welfare must not be unreasonable, nor must *73 they make unjust discrimination against individuals or classes. (People ex rel. Duryea v. Wilber, 198 N. Y. 1.)
The court held a statute invalid when it imposed upon dancing schools for minors the requirement that they secure a license. The court could not reconcile the requirement for licensing in a place where dancing was done in the presence of an instructor, and not required where the dancing was done in a place where there was no instructor. ‘ ‘ There is nothing in the fact of teaching dancing as distinguished from dancing without a teacher that has any injurious effect upon or relation to the morals, health and good order of a community.” (198 N Y 1, 11, supra.) The act was found to be arbitrary and unjustly discriminatory against a part of a class all of whom were engaged in the same activity.
The defendant incorrectly expands her classification to “ all persons of the class who perform in, manage, etc. * * * a display of the female form”. She labels the law discriminatory because others in this broad classification are not subject to the same regulations. The court has no difficulty in distinguishing between the interests served in “ topless dancing ” and that of the study of the female form. There is no exemption to the regulations for any who expose the particular portion of the breasts in a public place. In that the regulation applies equally to all who engage in such conduct, the Local Law No. 2 of the Local Laws of 1970, does not discriminate against a class known as ‘ ‘ topless dancers”. The defendant is not denied the equal protection of the law.
The court finds no constitutional invalidity in the combined laws, section 245.01 of the Penal Law, and Local Law No. 2 of the Local Laws of 1970 of the Town of Smithtown. The defendant, Marly Moreira, is guilty as charged. Sentencing shall take place on May 18, 1972 in Part VI of this court.