Jesse M. Eisen, J.
The defendant has been charged with a violation of section 40-1 of the Yonkers City Code. The accusatory instrument set forth that the "Defendant, a female, did in a public place to wit: 205 Riverdale Avenue, Yonkers, New York, d/b/a Super Star Lounge, did appear clothed or costumed in such a manner that the portion of her breasts below the top of the areola was not covered with a fully opaque covering: to wit defendant’s breasts were fully exposed”.
Section 245.01 of the State Penal Law provides:
"A female is guilty of exposure when, in a public place she appears clothed or costumed in such a manner that the portion of her breast below the top of the areola is not covered with a fully opaque covering. This subdivision shall not apply to any female entertaining or performing in a play, exhibition, show or entertainment.
"Exposure of a female is a violation.
"Nothing in this section shall prevent the adoption by a city, town or village of a local law prohibiting the exposure of a female substantially as herein defined in a public place, at *566 any time, whether or not such female is entertaining or performing in a play, exhibition, show or entertainment.”
Pursuant to the enabling legislation contained in the Penal Law the Yonkers City Council adopted a local law which in pertinent part reads as follows:
"Section 40.1 Exposure of females:
"A female is guilty of exposure when, in a public place, she appears clothed or costumed in such a manner that the portion of her breasts below the top of areola is not covered with a fully opaque covering.”
"Section 40.3 Applicability:
"This chapter shall apply to the exposure of a female and promoting the exposure of a female, as those terms are defined herein, in a public place, at any time, whether or not such female is entertaining or performing in a play, exhibition, show or entertainment.”
The defendant has moved to dismiss the information on the ground that section 40-1 of the city code is unconstitutional, in that it violates First Amendment rights and further that the said statute is vague. The People opposed the motion and claimed that the local law taken as a whole is a valid exercise of police power and as such should be sustained.
There is a strong presumption that a legislative enactment is constitutional, and its invalidity must be demonstrated beyond a reasonable doubt (See People v Pagnotta, 25 NY2d 333, 337), and every presumption exists in favor of validity. (See McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.) However, if there is flagrant and inescapable conflict between the local law and the Constitution, and that conflict cannot be resolved in any way in favor of constitutionality, the court has no alternative but to strike the law down. Individual sympathy for the goal or aim of the statute must be completely set aside. This, even though it can be reasonably assumed that the basic purpose for the exhibition of the female breasts in the case at bar was to attract customers rather than for any artistic reason.
In the papers before the court, it has been indicated that the defendant appeared as a topless dancer at the Super Star Lounge, a local bar or tavern, and in the course of her performance exposed her breasts in violation of the city law. The challenged statute forbade all topless exposure in any public place. It is directed primarily against nudity and does *567 not particularly involve obscenity. Obscene material is unprotected by the First Amendment and sex and nudity may not be exploited without limit even though speech may be tangentially involved. (Cf. Miller v California, 413 US 15.)
Efforts to control topless dancers or waitresses through local legislation have been challenged in the Federal courts. In Salem Inn v Frank (364 F Supp 478, affd 501 F2d 18, affd in part sub nom. Doran v Salem Inn, 422 US 922) among various restrictions, waitresses, barmaids or other females were forbidden by the town ordinance to appear in any bar or public place or in any entertainment or sketch with uncovered breasts, and persons conducting businesses were prohibited from permitting such appearances. The law was found to be overbroad by the lower court and was declared unconstitutional and its enforcement enjoined. The Circuit Court indicated (501 F2d 18, 20, supra) that dancing was a "form of expression protected by the First Amendment”, and that "even nude dancing in a bar can be within the constitutional protection of free expression”. Subsequently, the town narrowed and limited the statute and in part prohibited owners or operators of cabarets and bars from permitting barmaids, waitresses or entertainers or other females in their employ to appear before the public with uncovered breasts and likewise forbade any female to so appear in any of said places. In Salem Inn v Frank, (381 F Supp 859), the United States District Court again disapproved of the constitutionality of the ordinance and found the law, as enacted, interfered with free expression and as a result violated the First Amendment.
The Federal courts also have had occasion to treat questions of public nudity in connection with the successful musical production Hair which contained actors who appeared for a short period of time unclothed and included the use of the American flag as a wrap-around. Attempts were made in different cities to halt the showing of this musical because it might be found offensive to some people. However, the courts refused to bar production and asserted that Hair is, in general, a form of speech and entitled to First Amendment protection. (See, i.e., Southeastern Promotions v City of Mobile, Ala., 457 F2d 340; Southeastern Promotions v City of Atlanta, Ga., 334 F Supp 634.) First Amendment freedoms are protected by the Fourteenth Amendment to the Constitution from invasion by the States. (Edwards r South Carolina, 372 US 229, 235.) However, every variety of conduct cannot be *568 labeled speech, merely because the person engaging in such conduct intends to express an idea, and when speech and nonspeech are combined in the same course of conduct, there may be incidental limitation on First Amendment freedoms if a sufficiently important governmental interest compels regulating the nonspeech element. (See United States v O’Brien, 391 US 367.)
The question of topless dancers has been considered by our State courts. An injunction was sought in the Orange County Supreme Court {Brandon Shores v Incorporated Vil. of Greenwood Lake, 68 Mise 2d 343), to bar the enforcement of a local law prohibiting the employment of topless dancers and banning such entertainers or performers in bars and taverns. The court ruled that since freedom of speech was not involved and further, that since no irreparable damage had been demonstrated, the preliminary injunction would not be granted and the application thus was denied. (Cf., also, Matter of J.D.H. Rest, v New York State Liq. Auth., 28 AD2d 521, affd 21 NY2d 846; People v Moreira, 70 Misc 2d 68.)
It has been suggested that an ordinance directed against topless dancing in a duly licensed bar or tavern could be enacted which would pass constitutional muster. In California v La Rue (409 US 109), regulations were promulgated by the California State Department of Alcoholic Beverage Control which prohibited bars licensed to sell liquor by the drink from displaying particular presentations that partook more of gross sexuality than of communication. Since the regulations did not forbid across the board performances and were limited to the banning of certain actions in licensed premises, the enactment was upheld ultimately by the United States Supreme Court.
A short time ago the New York State Alcoholic Beverage Control Board reportedly attempted to treat nudity in licensed premises by amending its rule and adding the following new causes for revocation of licenses (9 NYCRR 53.1 [r], [s]):
"(r) For suffering and permitting on licensed premises (1) Any lewd or indecent conduct or (2) any person to appear unclothed or in such manner or attire as to expose to view any portion of the pubic hair, anus, vulva or genitals, or any simulations thereof.
"(s) For suffering or permitting any female to appear on licensed premises in such manner or attire as to expose to view any portion of the breast below the top of the areola, or *569 any simulation thereof. The provisions of this subdivision shall not apply to any female entertainer performing on a stage or platform which is at least 18 inches above the immediate floor level and which is removed at least 6 feet from the nearest patron. The amendment reaffirmed "The Authority’s long held conviction that total nudity should not be permitted in any premises licensed to sell alcoholic beverages” and served to clarify the authority’s policy with respect to exposure by females. Parenthetically, the authority has urged that the problem of topless dancing, be studied by the appropriate legislative committees with a view toward amending the Alcoholic Beverage Control Law to give the local communities the option of prohibiting such entertainment in licensed premises located within their jurisdiction.
Recently the Nassau County Supreme Court, in 24A Lounge v Frank, (NYLJ, Nov 5, 1975, p 10, col 1) considered the constitutionality of a town local law involving topless dancers. The questioned statute provided that it shall be unlawful for any female to appear in public clothed or costumed in such manner that the portion of her breasts below the areola was uncovered. A declaratory judgment was sought requesting injunctive relief against the enforcement of the enactment, following the service of appearance tickets upon a dancer and two managers for violation of the ordinance and the filing of informations in the Nassau County District Court. The challenged law was quite similar to the code provision under consideration before this court. The Nassau County Supreme Court indicated that the ordinance was unconstitutional, as an impingement upon the exercise of First Amendment rights and a preliminary injunction was granted.
The Yonkers code at issue on this motion is all inclusive, and does not permit any reasonable variance or divergence from its absolute proscriptive orbit. It is so broad-brushed that it fails to solve within constitutionality acceptable limits the community problem of toplessness. Any cultural, artistic, educational or intellectual activity involving a female whose breasts are exposed, even momentarily, would fall within the ban of the city code. Renditions by famous opera companies or by world-renowned ballets, or performances of distinguished plays or musicals or even of educational exhibitions taking place anywhere or under any circumstances within the city in which a woman appears "in such manner that the portion of her breasts below the top of the areola is not covered with a *570 fully opaque covering”, would subject the performer and the promoter to criminal sanctions under the local statute. It is apparent that the law is overbroad and facially defective as an unwarranted interference with freedom of expression and thus cannot survive as a legitimate exercise of police power or as a valid regulation of public conduct. That the challenge herein is by way of motion to dismiss in contrast to judicial challenge by way of injunctive application is not significant in treating the constitutionality of this ordinance. The local statute as written violates First Amendment rights and as such must be declared invalid.
The court is constrained therefore to dismiss the Information.